Singleton, Judge:
Claimant on September 8, 1967, filed with this Court, a claim in the amount of $104.31 for damages sustained to Claimant Nickell’s automobile as a result of employees of the State Road Commission negligently felling a tree on said automobile. The damage is alleged to have occurred at or near Ronceverte, in *88 Greenbrier County, West Virginia. This case was placed upon the hearing docket of this Court for April 8, 1968.
Upon the case being called for hearing, the Assistant Attorney General and counsel for the State Road Commission, there being no appearance on behalf of claimant, tendered to the Court a stipulation reciting that the respondent, State Road Commission, had made a thorough investigation into the facts and circumstances giving rise to said claim, and that as a result of said investigation it appears that the facts as alleged in claimant’s Petition are true and that the amount claimed as compensation for the damages sustained is reasonable, said stipulation further waiving any right on the part of the respondent to introduce evidence concerning this claim. The stipulation was inspected and approved by the Court and ordered filed in this proceeding. The facts as stipulated on behalf of the claimant and by the Attorney General disclose that on or about September 15, 1966, Martha J. Nickell was operating her vehicle with her Mother, Mrs. M. O. Morgan, as a passenger on a West Virginia State highway South of Ronceverte, West Virginia, in Greenbrier County, where employees of the State Road Commission were cutting some trees from the bank above the State highway. The flagman for the State Road Commission signaled Mrs. Nickell to proceed past the cutting activity of the State Road Commission and as she was operating her vehicle passing this area one of the employees of the State Road Commission severed a large limb from a tree and it hit the Claimant Nickell’s vehicle damaging the lefthand or driver’s side thereof. The Petition does not disclose any action on the part of the Claimant Nickell that might lawfully preclude her recovery or constitute contributory negligence. Upon consideration of the Petition, the exhibits, the stipulation and the order filing same, this Court is of the Opinion that this claim is within the jurisdiction of this Court and that the facts as stipulated do constitute a valid claim against the State of West Virginia that in equity and good conscience should be paid. It is therefore the opinion of this Court, and it is hereby our judgment, that the Claimant, Martha J. Nickell, and her Insuror, Stonewall Casualty Company, should recover and we do hereby jointly award to them the sum of $104.31.